## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

JAMIE S. C.,                                )
                                            )
                  Plaintiff,                )
                                            )
v.                                          )          Case No. 21-CV-0494-CVE-JFJ
                                            )
KILOLO KIJAKAZI,                            )
Acting Commissioner of Social Security,     )
                                            )
                                            )
                  Defendant.                )

## OPINION AND ORDER

Before the Court is the report and recommendation (Dkt. # 15) of United States Magistrate Judge Jodie F. Jayne, recommending that the Court affirm the Commissioner of the Social Security Administration's (the Commissioner) decision to deny plaintiff's claim for disability benefits. Plaintiff has filed a timely objection (Dkt. # 16) to the report and recommendation, and the Commissioner has filed a response (Dkt. # 18) to plaintiff's objection.

## I.

On July 24, 2019, plaintiff, then a 50-year-old female, filed a Title II application for a period of disability and disability insurance benefits, alleging she had been disabled since July 30, 2014. Dkt. # 8-2, at 16; Dkt. # 8-5, at 2-3. In her application, plaintiff stated that she was unable to work due to an L4-S1 spinal fusion, permanent nerve damage in her left leg, a spinal cord stimulator implant, low back pain, bursitis in both hips, and "[a]round the clock opio[i]ds for pain." Dkt. # 8-6, at 6. Plaintiff's claim was denied initially and upon reconsideration. Dkt. # 8-3, at 2, 16.

After receiving the denials, plaintiff requested a hearing before an administrative law judge (ALJ), and a hearing was held via telephone on March 23, 2021. Dkt. # 8-2, at 16, 36. Plaintiff was

represented by counsel at the hearing.  Id. at 16, 36-37.  During the hearing, the ALJ questioned a vocational expert (VE) about potential hypotheticals relating to plaintiff's capabilities.  Dkt. # 8-2, at 60-66.

On April 22, 2021, the ALJ issued a written decision denying plaintiff's claim for disability benefits.  Dkt. # 8-2, at 17.  In it, the ALJ assessed the medical records provided, as well as plaintiff's testimony, and the testimony of the VE.  The ALJ reviewed that information in conjunction with the five-step process outlined to evaluate whether plaintiff is disabled.  See 20 C.F.R. §§ 404.1520(a) and 416.920(a) (describing the five-step process).  First, the ALJ found that plaintiff had not engaged in substantial gainful activity (SGA) since the alleged onset on disability. Dkt. # 8-2, at 19.  Next, at step two of her analysis, the ALJ found that plaintiff had the severe impairments of "degenerative disc disease, lumbar radiculopathy, bursitis to the bilateral hips, and obesity," which significantly limited her ability to perform basic work activities.  Id.  The ALJ also found that plaintiff had non-severe impairments of headaches and depression.  Id. at 20.  In assessing plaintiff's mental impairments under the "paragraph B" criteria, the ALJ found that plaintiff had mild limitations in all four areas, but determined that the conditions had minimal or no effect on plaintiff's ability to work.  Id. at 20-21.  After noting those impairments, at step three, the ALJ found that neither the impairments, nor the combination of impairments, met or equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id. at 21.

Then the ALJ found that plaintiff has the residual functional capacity (RFC) to:

perform sedentary work as defined in 20 CFR 404.1567(a) except she had the following limitations.  The claimaint was able to lift, carry, push, or pull up to ten pounds frequently and twenty pounds occasionally.  The claimant was able to sit up to six hours in an eight-hour workday.  The claimant was able to stand and/or walk up to two hours in an eight-hour workday.  The claimant's job should not have

2

required walking more than thirty minutes consecutively.  The claimant was able to occasionally stoop.  The claimant's job should not have involved kneeling, crouching, or crawling.  The claimant's job should not have involved climbing ramps, stairs, ladders, ropes, or scaffolds.

Id. at 21-22.  In support of her determination, the ALJ summarized the evidence in the record.  Id. at 22-27.  In that summary, the ALJ stated that she considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of [the code of federal regulations]."  Id. at 22.  The ALJ noted that, per the two step process of considering the plaintiff's symptoms, she must first determine whether there was an underlying medically determinable physical or mental impairment that could reasonably be expected to produce plaintiff's symptoms, and then evaluate the intensity, persistence, and limiting effects of symptoms to determine the extent to which they limit plaintiff's functional capacity to work.  Id.  When considering plaintiff's RFC at this stage, the ALJ noted that where the limitations or symptoms are not supported by medical evidence, the ALJ must rely on other evidence in the record to determine if plaintiff's symptoms limited her ability to do work-related activities. Id.

The ALJ then summarized plaintiff's testimony and subjective complaints as follows: plaintiff has a spinal cord stimulator that helps with nerve pain in her left leg, but does not help with the pain to her right leg, hip, or lower back.  Id. at 22.  Plaintiff has had injections in her lower back and hip, which did not take care of her pain.  Id.  She also has bursitis in her hips and her medications make her sleepy and "foggy headed."  Id.  She takes two to three naps each day, and also takes medication for depression and has problems sleeping.  Id.  Plaintiff can sit in a chair for ten to fifteen minutes with her feet on the floor before experiencing back pain; even when reclining with

3

her feet three feet off the floor, she still needs to get up and walk around because of her symptoms. Id. Plaintiff also stated that she could be on her feet, walking around or standing, for maybe forty-five minutes. Id. The ALJ concluded that, while "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Id.

The ALJ then summarized the lengthy medical evidence in detail. Id. at 23-27. She discussed plaintiff's treatment history with multiple physicians spanning more than five years, including her physical examinations, surgical history, radiological results, and self-reported symptoms. Id. Based on all of the information, the ALJ found plaintiff to have the above RFC, which was supported by the objective medical evidence. Id. at 27.

At steps four and five, the ALJ determined that through the date last insured, plaintiff "was unable to perform any past relevant work"; however, relying on the testimony of the impartial VE, and considering the plaintiff's "age, education, work experience, and [RFC]," plaintiff had acquired work skills that could have been transferred to "other occupations with jobs existing in significant numbers in the national economy," including that of "appointment clerk." Id. at 28-29. Based on this finding, the ALJ determined that plaintiff was not disabled. Id. at 29.

Plaintiff appealed the ALJ's decision to the Appeals Council, id. at 8-9, which found no basis to change the ALJ's decision and denied plaintiff's request for review, and the ALJ's decision is the final decision of the Commissioner. Id. at 2. Plaintiff filed this case requesting judicial review of the denial of her claim for disability benefits, and the matter was referred to a magistrate judge for

4

a report and recommendation.  The magistrate judge recommends that the Commissioner's decision be affirmed.  Dkt. # 15.

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation.  The parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation.  Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999).  If a party objects, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part.  Fed. R. Civ. P. 72(b).

In reviewing an objection to a social security benefits determination, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, is limited to determining whether the ALJ has applied the correct legal standards and whether the decision is supported by substantial evidence.  See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005).  The ALJ's "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."  Jensen v. Barnhart, 436 F.3d 1163, 1165 (10th Cir. 2005).  Reversal is also appropriate where the ALJ fails to support her decision with substantial evidence.  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994).  "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  Hamlin v.

5

Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004).  Even if a court might have reached a different

conclusion, the ALJ's decision stands if it is supported by substantial evidence.  See White v.

Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

The Social Security Administration has established a five-step process to review claims for

disability benefits.  See 20 C.F.R. § 404.1520.  The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged
> in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir.
> 2004)].  If not, the agency proceeds to consider, at step two, whether a claimant has
> "a medically severe impairment or impairments." Id.  An impairment is severe under
> the applicable regulations if it significantly limits a claimant's physical or mental
> ability to perform basic work activities. See 20 C.F.R. § 404.1521.  At step three, the
> ALJ considers whether a claimant's medically severe impairments are equivalent to
> a condition "listed in the appendix of the relevant disability regulation." Allen, 357
> F.3d at 1142.  If a claimant's impairments are not equivalent to a listed impairment,
> the ALJ must consider, at step four, whether a claimant's impairments prevent [him]
> from performing [his] past relevant work. See Id.  Even if a claimant is so impaired,
> the agency considers, at step five, whether [he] possesses the sufficient residual
> functional capability to perform other work in the national economy. See Id.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  The ALJ decided this case at step five of the

analysis, finding that sufficient jobs existed in the national economy to allow plaintiff to work.  Dkt.

# 8-2, at 28-29.  At step five, the ALJ must consider a claimant's RFC, age, education, and work

experience to determine if other work exists that a claimant is able to perform.  Williams v. Bowen,

844 F.2d 748, 751 (10th Cir. 1988).  If the claimant can adjust to work outside of her past relevant

work, the ALJ shall enter a finding that the claimant is not disabled. 42 U.S.C. § 423(d)(2)(A).

However, the ALJ must find that a claimant is disabled if insufficient work exists in the national

economy for an individual with the claimant's RFC.  Wilson v. Astrue, 602 F.3d 1136, 1140 (10th

Cir. 2010).  The Commissioner bears the burden to present sufficient evidence to support a finding

of not disabled at step five of the review process.  Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir. 1991).

**III.**

Plaintiff raises the same issue in her objection to the magistrate judge's report and recommendation that she raised in her opening brief:  "[w]hether the ALJ made a proper consistency analysis in light of the omission of important medical records and leaving out important matters in those records that were cited, and failing to compare the plaintiff's statements to the medical records."  Dkt. # 16, at 4.  Plaintiff's argument that the ALJ's consistency analysis was "erroneous" is parsed into three elements:  1) the ALJ was "required to discuss evidence that supports disability," but "[t]here were important medical records not mentioned in the [d]ecision which supported plaintiff's claim of disability"; 2) the ALJ made a consistency statement and cited to medical records, but those citations "were either erroneous or omitted a great deal of findings"; and 3) the ALJ did not "set out which of plaintiff's symptoms were consistent or inconsistent with the evidence,"  as is "require[d]" by SSR 16-3p.  Dkt. # 16, at 4-5.  After reviewing the record and the objections, the Court finds that plaintiff's objections are without merit and accepts the report and recommendation of the magistrate judge.

**<u>ALJ's Omission of Certain Evidence in the Decision</u>**

Plaintiff's first objection concerns the magistrate judge's assessment of the ALJ's omission of certain records in the decision.  Plaintiff argues that the ALJ's consistency analysis was inadequate because it omitted relevant objective medical evidence that supports plaintiff's statements, which plaintiff asserts is required by SSR 16-3p.  Dkt. # 16, at 6.  Social Security Ruling 16-3P states:  "[w]e will consider an individual's statements about the intensity, persistence, and limiting effects

7

of symptoms, and we will evaluate whether the statements are consistent with objective medical evidence and the other evidence." SSR 16-3P, 2017 WL 5180304, at *6. The ALJ did consider plaintiff's testimony concerning her subjective limitations, and she explained why she did not give them great weight: they were "not entirely consistent with the medical evidence and other evidence in the record." Dkt. # 8-2, at 23. In support, the ALJ cited to an August 8, 2017 physical examination by Dr. Richard Drake, D.O., "that showed the [plaintiff's] range of motion to her hip and knee did not reproduce pain, that she had no lower extremity motor deficits, that her sensation was intact to soft touch throughout, and that her gait was non-antalgic." Id. Then the ALJ proceeded to cite an abundance of medical and other evidence in the record, which "reveal[ed] that [plaintiff] maintained the ability to perform work-related activities within the range of limitations set out in the residual functional capacity." Id.

Plaintiff argues that the following evidence in the record supports her claims and, therefore, the ALJ should have discussed them in the consistency analysis: 1) from August 2015, a lumbar spine surgery that "required an immediate second surgery to correct the initial surgery," which plaintiff argues "may have caused the subsequent failure to improve even after the second surgery"; 2) from October 2015, a record demonstrating that plaintiff "experienc[ed] shooting left leg pain less than two months after" the lumbar surgeries; 3) from June 2016, a "post-myelogram lumbar CT scan showing that her lumbar screws were loosening"; 4) "records indicating that [p]laintiff's left leg pain returned shortly after her October 2016 lumbar surgery"; 5) from Decmber 2016, an "EMG nerve conduction test that showed a chronic left L4-S1 radiculopathy"; 6) "documentation of radiculopathy and need for a spinal cord stimulator in 2017 and early 2018"; 7) "records showing [plaintiff's]

probative

spinal cord stimulator did not provide complete pain relief"; and 8) "records showing treatment history for hip bursitis in 2018 and 2019." Dkt. # 16, at 6-7.

The Court finds that the ALJ's omission of these records in her decision did not constitute an error in the consistency analysis.  "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence.  Rather, in addition to discussing the evidence supporting h[er] decision, the ALJ also must discuss the uncontroverted evidence [s]he chooses not to rely upon, as well as significantly probative evidence [s]he rejects." Clifton v. Chater, 79 F.3d 1007, 1009–10 (10th Cir. 1996).  Plaintiff has failed to explain how the omitted records were significantly probative evidence that the ALJ rejected.  Instead, in reviewing the record and the ALJ's decision, the Court finds that the omitted records support the ALJ's conclusions.  While many of the omitted records directly support the ALJ's findings that plaintiff had severe impairments, including hip bursitis and lumbar radiculopathy, it is not clear that they are significantly probative of plaintiff's statements in 2021 about the intensity, persistence, and limiting effects of her symptoms.  Ultimately, that some of the earlier records indicated potential issues is insignificant, because the ALJ is not required to discuss all of the medical evidence.  See id.  Instead, the ALJ conclusion that plaintiff "had a normal range of motion to her musculoskeletal system, had normal strength to her extremities, and was negative for the straight leg raise in the sitting position bilaterally, . . . had no motor or sensory deficits, could perform a tandem gait without substantial difficulty, and did not require the use of an assistive device," Dkt. # 8-2, at 27, was supported by the substantial evidence discussed in the ALJ's decision.  Id. at 22-26.  Thus, the ALJ acted within her discretion in discounting plaintiff's testimony because it was not entirely consistent with the medical

evidence.  Therefore, the Court finds that plaintiff's objection concerning the omission of certain records as part of the ALJ's consistency analysis should be denied.

**Plaintiff's Characterization of Certain Records Cited by the ALJ**

Plaintiff's next objection regarding the ALJ's consistency analysis concerns the evidence to which the ALJ cited in support of the RFC, which plaintiff asserts actually supports of her complaints and not the ALJ's findings.  Dkt. # 16, at 5.  The Court reviewed the evidence the ALJ cited in support of the her conclusions regarding plaintiff's physical capabilities, Dkt. # 8-2, at 27, and finds that they do support the ALJ's conclusions.  While those records do include some negative findings or address a different set of plaintiff's complaints, they also support the ALJ's conclusions, and so were not incomplete, erroneous, or misleading.  Therefore, the Court finds that plaintiff's objection concerning the legitimacy of the ALJ's citations in support of the RFC should be denied.

**ALJ's Consistency Discussion**

Plaintiff's final objection to regarding the ALJ's consistency analysis concerns whether the ALJ specifically explained which of plaintiff's symptoms were consistent or inconsistent with the evidence.  Dkt. # 16, at 5, 16.  "We will explain which of an individual's symptoms we found consistent or inconsistent with the evidence in his or her record and how our evaluation of the individual's symptoms led to our conclusions.  We will evaluate an individual's symptoms considering all the evidence in his or her record."  SSR 16-3P, 2017 WL 5180304, at *8.  The Court finds the ALJ's discussion of plaintiff's testimony and the evidence satisfies the requirements of SSR 16-3P.  The ALJ thoroughly summarized plaintiff's testimony in the March 23, 2021 hearing, including her complaints about the pain in her legs, hips, and lower back, as well as her daily activities, medications, and physical limitations.  Dkt. # 8-2, at 22.  Immediately following this

summary, the ALJ explained that she found plaintiff's testimony to be inconsistent with Dr. Drake's examination of plaintiff in August 2017, which demonstrated plaintiff's range of motion to her hip and knee did not reproduce pain, that she had no lower extremity motor deficits, that her senstation was intact to soft touch throughout, and that her gait was non-antalgic.  Id. at 23.  Then the ALJ proceeded to review much of plaintiff's medical history, showing that plaintiff's symptoms were inconsistent with the longitudinal record.  Therefore, the Court finds that plaintiff's objection concerning the adequacy of the ALJ's consistency discussion should be denied.

The Court has conducted its de novo review of the record related to plaintiff's objections, and concludes that the ALJ did not err in finding plaintiff not disabled.  The magistrate judge's report and recommendation should be accepted.  The Court finds that the Commissioner's decision should be affirmed.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 15) is **accepted**, and the Commissioner's decision denying plaintiff's claim for disability benefits is **affirmed**.  A separate judgment is entered herewith.

**DATED** this 28th day of March, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE